UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 6:01-71-KKC

UNITED STATES OF AMERICA,                                                        PLAINTIFF

v.                                 **OPINION AND ORDER**

NEWELL DUANE WEEKS,                                              DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Sentence Credit of Defendant Newell Duane Weeks [R. 88]. Defendant seeks an Order from this Court directing the United States Bureau of Prisons to credit him 248 days of prison-time credit. These 248 days derive from the time period of April 2, 2002 to December 5, 2002, when Defendant was in the custody of the United States Marshals in connection with Defendant's federal criminal action.

Though Defendant does not specify any statutory authority for this request to credit his prison time, 18 U.S.C. § 3585(b)(1) appears to provide such authority. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b)(1) (2000). However, the United States Court of Appeals for the Sixth Circuit clarified the jurisdictional scope of this statute in *United States v. Chase*, 104 Fed. Appx. 561, 562 (6th Cir. 2004):

> Although 18 U.S.C. § 3585(b) entitles a defendant to sentencing credit under certain circumstances for time spent in official detention prior to the beginning of the sentence, it is the Attorney General through the Bureau of Prisons and not the district court that has the authority to grant the credit.

*Id.* Thus, "[o]nly after a prisoner has exhausted his remedies through the Bureau of Prisons may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241." *Id.* (citation omitted).

Defendant did not first bring this request for the crediting of his prison time to the Bureau of Prisons before proceeding to this Court on his Motion. Since the Bureau of Prisons has not yet had an opportunity to review Defendant's request, the Court is without authority to rule on Defendant's Motion at this time. Defendant is advised to proceed with his request for prison-time credit before the Bureau of Prisons. Should the Bureau deny his request, Defendant may then have this denial reviewed by this Court.

Dated this 20th day of March, 2008.

Signed By:
*Karen K. Caldwell*  KKC
**United States District Judge**