UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CRIMINAL ACTION NO. 01-71

UNITED STATES OF AMERICA                                                            PLAINTIFF

v                            **OPINION AND ORDER**

NEWELL DUANE WEEKS                                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (DE 101) and a motion to appoint counsel (DE 100) for him in light of several recent Supreme Court decisions. The Court hereby ORDERS that both motions are DENIED.

Weeks pleaded guilty in this Court to Counts 1 and 3 of the indictment charging him with aiding and abetting the theft of firearms in violation of 18 U.S.C. § 922(u) and with possession of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On December 5, 2002, this Court sentenced the defendant to 92 months on Count 1 and the statutory minimum of 84 months on Count 3, to be served consecutively for a total term of 176 months.

Weeks' § 2255 motion does not set forth any grounds for it. He filed it on AO Form 243. However, the pages of the form (pages 5 through 8) in which the prisoner is asked to state the grounds for his motion are missing. Accordingly, the Court will deny Weeks' § 2255 motion without prejudice. He may reassert a § 2255 motion with proper grounds.

As to Weeks' motion for appointment of counsel, he appears to request counsel to assist him in filing a § 2255 motion. He states that he believes he is entitled to some kind of relief under *Molina-Martinez v. United States*, 136 S.Ct. 1338 (April 20, 2016); *Mathis v. United States*,136 S. Ct. 2243 (June 23, 2016); and *Johnson v. United States*, 135 S. Ct. 2551 (2015).

*Johnson* and *Mathis* both deal with sentencing a defendant under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e)(1). Weeks was not sentenced under the ACCA. Instead, he was convicted of brandishing a firearm "during and in relation to a crime of violence" within the meaning of 18 U.S.C. § 924(c)(1)(A)(ii). The phrase "crime of violence" is defined under of § 924(c)(3). The Sixth Circuit has held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unaffected by *Johnson*. *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) *rehearing en banc denied* (May 9, 2016).

As to *Molina-Martinez*, that case addressed the showing required under Federal Rule of Criminal Procedure 52(b) which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Generally, this means the defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez,* 136 S. Ct. at 1343 (quotations and citation omitted). In *Molina-Martinez*, the Court held "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345.

2

Weeks' sentence is not affected by *Johnson* or *Mathis* and Weeks has made no showing or argument that he was otherwise sentenced under an incorrect guideline range. Accordingly, he is not entitled to any relief under *Molina-Martinez*.

This Court has discretion to appoint counsel in proceedings brought under § 2255. 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B). Nevertheless, because Weeks has not made any meritorious argument that he is entitled to relief under § 2255, the Court will deny his motion to appoint counsel.

For all these reasons, Weeks' motion to vacate his sentence under 28 U.S.C. § 2255 (DE 101) and a motion to appoint counsel (DE 100) are DENIED without prejudice.

Dated October 18, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3