UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO:   6:1-cr-71-KKC-EBA-2
Related Civil Nos. 6:17-cv-15-KKC-EBA
                   6:16-cv-106-KKC

UNITED STATES OF AMERICA,                                           PLAINTIFF,

V.                      **MAGISTRATE JUDGE'S
                        REPORT AND RECOMMENDATION**

NEWELL DUANE WEEKS,                                                 DEFENDANT.
                        \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Defendant Newell Weeks previously pled guilty to Counts 1 and 3 of the indictment, [R. 1], charging him with aiding and abetting the theft of firearms in violation of 18 U.S.C. § 922(u) (Count 1), and with possession of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). On December 5, 2002, he was sentenced to 92 months on Count 1, and 84 months on Count 3, to be served consecutively for a total term of 176 months. [R. 104 at 1]. This matter is now before the undersigned on Defendant's 28 U.S.C. § 2255 Motion to Vacate. [R. 105]. Where Defendant presents no meritorious grounds for relief, the undersigned RECOMMENDS that the District Court deny his § 2255 petition.

Defendant previously filed a motion to vacate under 28 U.S.C. § 2255, and a motion to appoint counsel. [R. 100, 101]. On October 18, 2016, the District Court issued an Order, [R. 104], denying Defendant's § 2255 motion without prejudice, finding that Defendant neglected to include his alleged grounds for relief in the § 2255 form:

> Weeks' § 2255 motion does not set forth any grounds for it. He filed it on AO Form 243. However, the pages of the form (pages 5 through 8) in which the prisoner is asked to state the grounds for his motion are missing. Accordingly, the Court will deny Weeks' § 2255 motion without prejudice. He may reassert a § 2255 motion with proper grounds.

1

[R. 104 at 1].

In addition, the Court denied his motion to appoint counsel finding that <u>Johnson</u>, <u>Mathis</u>, and <u>Molina-Martinez</u> – the three U.S. Supreme Court cases which Defendant argued supported his habeas claims, allowed no relief.

> *Johnson* and *Mathis* both deal with sentencing a defendant under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e)(1). Weeks was not sentenced under the ACCA. Instead, he was convicted of brandishing a firearm "during and in relation to a crime of violence" within the meaning of 18 U.S.C. § 924(c)(1)(A)(ii). The phrase "crime of violence" is defined under § 924(c)(3). The Sixth Circuit has held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unaffected by *Johnson*. *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) *rehearing en banc denied* (May 9, 2016).
>
> As to *Molina-Martinez*, that case addressed the showing required under Federal Rule of Criminal Procedure 52(b) which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Generally, this means the defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez*, 136 S. Ct. at 1343 (quotations and citation omitted). In *Molina-Martinez*, the Court held "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345.
>
> Weeks' sentence is not affected by *Johnson* or *Mathis* and Weeks has made no showing or argument that he was otherwise sentenced under an incorrect guideline range. Accordingly, he is not entitled to any relief under *Molina-Martinez*.

[R. 104 at 2–3].

Defendant now brings before the Court his 28 U.S.C. § 2255 motion to vacate, [R. 105], and this time, he has included the grounds for relief. Weeks claims that, "[b]ecause the recent decision of the Supreme [C]ourt has abrogated the 'Residual Clause,' under 18 U.S.C. § 924(e)(2)(B)(ii)," and "abrogated . . . § 924(c)(3)(B)," his § 924(c) conviction for possession of a firearm in a crime of violence, and his conviction under § 922(u) for aiding and abetting the theft

of firearms are no longer valid and must be vacated in light of Johnson. [R. 105-1 at 3]. His supporting memorandum is similarly premised upon two arguments: (1) the residual clause of 18 U.S.C. § 924(c) is unconstitutional; and (2) because his theft of firearms conviction under 18 U.S.C. § 922(u) did not involve the use of force, it can no longer be categorized as a "crime of violence" in light of the U.S. Supreme Court's holding in Johnson. However, for the reasons that follow, Week's arguments are without merit and provide him no relief. In Johnson, the United States Supreme Court ruled on direct review that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was void for vagueness.[1] As the District Court previously explained, Weeks's reliance upon Johnson is misplaced; Johnson involved a defendant sentenced under the ACCA, 18 U.S.C. § 924(e)(1), but here, Weeks was not sentenced under the ACCA. Importantly, Johnson's impact does *not* extend to the additional subsections of § 924, even despite the similarities between the residual clause's language and that of other subsections. Subsection § 924(c)(3), for example, defines a "crime of violence," but even though § 924(c)(3) contains a similar clause featuring similar language, the Sixth Circuit has determined that § 924(c)(3)(B)'s residual clause is not invalidated or otherwise affected by the holding in Johnson. See United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016), *rehearing en banc denied* (May 9, 2016). In Taylor, the Sixth Circuit explained its reasoning:

> Recognizing that § 924(c)(3)(B) requires courts to use ordinary-case analysis, the majority nonetheless concludes that because § 924(c)(3)(B) is narrower than the ACCA's residual clause, and because "much of Johnson's analysis does not apply to § 924(c)(3)(B)," Maj. Op. 375–76, Johnson does not render § 924(c)(3)(B) unconstitutionally vague.

---

[1] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year," that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." This final italicized portion, the "residual clause," was the only portion of the ACCA invalidated by the Court. Johnson, 135 S. Ct. at 2563.

3

Id. at 394.

Therefore, Defendant's Johnson claims are misplaced. His first argument, that § 924(c)(1)(A)'s own "crime of violence" definition clause is now equally unconstitutional following Johnson, is meritless; the Sixth Circuit unambiguously held that § 924(c)(1)(A) is still valid following Johnson, as are the other subsections in § 924. In short, only the ACCA's "violent felony" residual clause in § 924(e)(2)(B) has been affected by Johnson, but Weeks' sentence was in no way impacted by § 924(e)(2)(B). According to the presentence report, for Count 1 – aiding and abetting the theft of firearms, in violation of 18 U.S.C. § 922(u) – Weeks' base offense level was calculated under U.S.S.G. §2K2.l(a)(4)(A), which called for a base offense level of 20 due to Weeks' one prior felony conviction of either a crime of violence or controlled substance offense (Robbery, Marion County Superior Court No.3, Indianapolis, Indiana, Case No. 49003-9712-155226). For Count 3 – use, possession, and brandishing of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) – § 2K2.4(a)(2) of the Guidelines recommended a sentence of not less than seven years, consecutive to any other term of incarceration imposed, due to the fact that Weeks' co-defendant possessed a .9mm Lorcin semi-automatic firearm during the commission of the offense. [Id.]. The presentence report specifies that the potential sentence for Count 3 is calculated pursuant to 18 U.S.C. § 924(c)(1)(A)(ii); the calculation did *not* involve § 924(e)(2)(B). The record confirms that Weeks was never labeled an "armed career criminals,"  the ACCA; where Johnson exclusively concerned sentence enhancements for "armed career criminals" who were sentenced under § 924(e)(2)(B), and Weeks was not an armed career criminal  and did not have his sentence enhanced under that specific subsection, his Johnson-based claims are misplaced.

Accordingly,

The undersigned hereby RECOMMENDS that Defendant Newell Weeks's Motion to Vacate pursuant to 28 U.S.C. § 2255, [R. 105], be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed March 6, 2017.

Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge