UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CRIMINAL ACTION NO. 01-71

UNITED STATES OF AMERICA                                          PLAINTIFF

v                           **OPINION AND ORDER**

NEWELL DUANE WEEKS                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant Newell Duane Weeks' motion to vacate his sentence under 28 U.S.C. § 2255 (DE 105). The magistrate judge has reviewed the motion and recommends that the Court deny it. (DE 108, Report and Recommendation.) Weeks has filed objections to the recommendation. (DE 109, Objections.)

Weeks pleaded guilty in this Court to Counts 1 and 3 of the indictment charging him with aiding and abetting the theft of firearms in violation of 18 U.S.C. § 922(u) and with possession of a firearm in a crime of violence in violation of 18 U.S.C. §924(c)(1)(A)(ii). On December 5, 2002, this Court sentenced the defendant to 92 months on Count 1 and the statutory minimum of 84 months on Count 3, to be served consecutively for a total term of 176 months.

Weeks argues in his §2255 motion that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In that case, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *Id*. at 2557. Thus, increasing a defendant's sentence under the clause denies the defendant due process of law. *Id*.

Weeks, however, was not sentenced under the ACCA. Instead, he was sentenced under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm "during and in relation to any crime of violence." The phrase "crime of violence" is defined under § 924(c)(3). The Sixth Circuit has held, however, that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unaffected by *Johnson*. *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 1975 (2018), *reh'g denied*, No. 16-6392, 2018 WL 2767841 (U.S. June 11, 2018). Accordingly, the magistrate judge recommends that Weeks' motion be denied.

In his objections to the magistrate judge's recommendation, Weeks asks that the Court await the Supreme Court's ruling in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S.Ct. 31 (2016) before ruling on his § 2255 motion. The Supreme Court has now decided that case, and, applying the reasoning of *Johnson*, has determined that the definition of "crime of violence" contained in the Section 16(b) of the Immigration and Nationality Act is also unconstitutionally vague. 18 U.S.C. § 16(b). *Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018)

It is true that the residual clause in the definition of "crime of violence" contained in §16(b) is identical to the residual clause in § 924(c)(3)(B). Nevertheless, after deciding *Dimaya*, the Supreme Court denied a petition for writ of certiorari in *Taylor*, 138 S.Ct. 1975 (May 14, 2018) and, more recently, denied a petition for rehearing. *Taylor v. United States*, No. 16-6392, 2018 WL 2767841, at *1 (U.S. June 11, 2018). Thus, *Taylor* remains controlling law in the Sixth Circuit. Accordingly, the Court hereby ORDERS as follows:

1) The magistrate judge's report and recommendation (DE 108) is ADOPTED as the Court's opinion;

2) Weeks' objections to the report and recommendation (DE 109) are OVERRULED; and

3) Weeks' motion to vacate, set aside or correct his sentence (DE 105) under 28 U.S.C. § 2255 is DENIED.

Dated July 12, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY